**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LESLIE BLOUNT and
ANGELA KNIGHT,**

        **Plaintiffs,**

**v.**                                **Case No. 3:03cv225/RV**

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

        **Defendants.**
_____/

## ORDER

       Pending are the defendants' motion for attorneys' fees (doc. 78) and plaintiffs' motion for review of taxation of costs (Doc. 81).

       Plaintiffs Leslie Blount and Angela Knight, both black females, worked for defendant Florida Department of Corrections ("FDOC") as correctional officers. Plaintiffs brought this action against the defendant FDOC alleging racial discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000-et seq.]. Further, plaintiffs sought damages pursuant to Title 42, United States Code, Section 1983, against defendants FDOC, Warden Joe Petrovsky, and Captain James Dicks for alleged racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  By my orders dated August 26, 2004, and June 10, 2005, I granted summary judgment to defendants and dismissed this action in its entirety.

      **I.**    **Attorneys' Fees**

       The defendants now seek attorneys' fees from the plaintiffs.  In accordance with Title VII, a district court has discretion to award attorneys' fees to the prevailing

party.  42 U.S.C. §§ 1988(b), 2000e-5(k).[1]  Similarly, a court may, in its discretion, award attorneys' fees to the prevailing party in a Section 1983 action.  42 U.S.C. §1988(b).  While attorneys' fees are routinely awarded to prevailing plaintiffs to further Congress's purpose of providing a judicial process to vindicate federal civil rights, a prevailing defendant may only recover attorneys' fees where "the plaintiff's actions [in bringing the claim were] frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648, 657 (1978).  <u>See</u> <u>also</u>, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S. Ct. 1933,  76 L. Ed. 2d 40 (1983)(applying the same standard to Section 1983 case); <u>Sullivan v. Sch. Bd. of Pinellas County, Fla.</u>, 773 F.2d 1182, 1189 (11th Cir. 1985); <u>United States v. Mississippi</u>, 921 F.2d 604, 609 (5th Cir. 1991).

In <u>Sullivan</u>, <u>supra</u>, the Eleventh Circuit identified a number of factors that should be considered in determining whether an award of attorneys' fees is warranted, including: whether the plaintiff introduced evidence to support her claim, whether the plaintiff was able to establish a *prima facie* case, whether the defendant offered to settle the case, or whether the trial court dismissed the case prior to trial on the merits.  <u>Sullivan</u>, <u>supra</u>, 733 F.2d at 1189.  However, the Eleventh Circuit, citing the Supreme Court of the United States, cautioned, "In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his

---

[1] 42 U.S.C. §2000e(5)(k) provides in pertinent part:
> In any action or proceeding under this subchapter, the Court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorneys' fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

action must have been unreasonable or without foundation." Id. at 1188-89 (citing Christiansburg, supra, 434 U.S. at 421-22, 98 S. Ct. at 700-01.)  Further, in cases where the plaintiff introduced evidence sufficient to support her claims, a finding of frivolity typically will not stand.  Id. at 1189.  Instead, the focus should be on whether "the case is seriously lacking in arguable merit." Walker v. NationsBank of Florida, N.A., 53 F.3d 1548, 1558 (11th Cir. 1995).  The standard for awarding attorneys' fees to a prevailing defendant in civil rights cases has been described as a "stringent" one. Walker v. NationsBank of Florida, N.A., 53 F.3d 1548, 1558 (11th Cir. 1995).

In examining each of these Sullivan factors, it appears that the plaintiffs' claims, while not sufficient to survive summary judgment, were not wholly without merit. It is true that this case was very similar to the companion case of Kyles-Smith v. Florida Dept. of Corrections, Case No.:3:03-CV-33, which had resulted in a directed verdict against the plaintiff and an award of attorneys' fees against her. However, there are some important differences in this case.  With respect to plaintiffs' allegations of a racially discriminatory work environment, the plaintiffs essentially claimed that they were the target of a conspiracy by white correctional officers to set them up via false allegations. This claim was based on the plaintiffs' own conclusory allegations and suspicions, which were derived from double or even triple hearsay from inmates who reported to a third party that white correctional officers were conspiring to set them up. While the plaintiffs could not ultimately support their claim with any admissible evidence, their claim was not necessarily frivolous. The plaintiffs apparently received information from inmates of the alleged plan.

Further, the plaintiffs' hostile work environment claim was also based on inappropriate comments made to plaintiff Knight by her supervisors. Because the comments were not frequent and there was no evidence that they interfered with her work performance, I granted summary judgment for the defendants. Nevertheless, the

plaintiff did offer at least some evidence to support this claim.

Similarly, plaintiff Knight's claim of sexual harassment and retaliation based on her internal complaint of sexual harassment were not wholly without merit. Ultimately, the evidence established that Knight's transfer to another facility was not an adverse employment action.  Notwithstanding, in light of the fact that Knight was transferred to another facility, which involved a twenty minute longer drive, following immediately on the heels of her sexual harassment complaint, her amended claim of retaliation was not completely without foundation.   Thus, it cannot be said that "an objective examiner would find her claim so patently devoid of merit as to be 'frivolous.'" Sullivan, supra, 773 F.2d at 1189.  Moreover, with respect to Knight's sexual harassment claim, the defendant was granted summary judgment because Knight failed to exhaust her administrative remedies.  This is not a sufficient reason to find that Knight's claim was otherwise frivolous.

Accordingly, the defendant's motion for attorneys' fees as the prevailing party on the Title VII and Section 1983 claims must be, and is, DENIED.


## II.   Taxable Costs

The plaintiffs move this court to review several itemized costs taxed by the Clerk of Court in favor of FDOC as the prevailing party. Title 28, United States Code, Section 1920 provides that the Clerk of Court may tax certain enumerated costs, such as "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "fees and disbursements for printing and witnesses." 28 U.S.C. §1920(2)-(3).

The plaintiffs first object to the defendants including the cost of serving subpoenas to various medical providers.  The plaintiffs argue that review of medical records was unnecessary in this employment discrimination case.   While medical records may not be necessary in every Title VII case, here Knight put her medical

history into issue when she testified that the alleged employment discrimination caused her serious medical problems for which she had to seek medical care.  For example, Knight stated that she suffered from loss of appetite, insomnia, constant headaches, and clinical depression due to the alleged employment discrimination. She also claimed that the stress at work caused complications during her pregnancy. Considering these claims by Knight, the taxation of costs related to serving subpoenas to these medical providers was appropriate.

Nevertheless, the defendants also included a witness fee of forty ($40) dollars for each custodian of the medical records, totaling three hundred sixty  ($360) dollars. An award of witness fees as taxable costs must be made in accordance with Title 28, United States Code, Section 1821, which provides that witness fees shall be paid for a "witness in attendance at any court of the United States . . . . or before any person authorized to take his deposition . . . "  It does not appear that the medical records' custodians were actually in attendance at a court hearing or deposition.  Therefore, these fees should not have been included in the taxable costs.

Finally, the defendants included the court reporter fees associated with the transcript of the trial of Kyles-Smith v. FDOC, 3:03-cv-33(LAC/MD).  The plaintiffs argue that these costs should not have been taxed because the transcript was not necessary for use at trial in this case. On the contrary, the plaintiffs do not dispute the extensive overlap of facts between the case of Daphne Kyles-Smith and the facts of their case.  In fact, the plaintiffs' counsel stipulated that the deposition testimony given by all the witnesses in the Kyles-Smith case could be used for purposes of establishing evidence in this case. See Doc. 29, Ex.2. The witnesses who testified during the trial for Kyles-Smith were the same witnesses who would have testified at the plaintiffs' trial concerning the same set of facts used to support the plaintiffs' claims. Therefore, the transcript of the Kyles-Smith trial would have been necessary to effectively impeach or cross-examine many of the plaintiffs' witnesses in this case,

and taxation of costs for the transcript was appropriate under Section 1920.

Accordingly, the total for the taxed costs against the plaintiffs should be reduced by three hundred sixty ($360) dollars, representing the witness fees paid to several medical records custodians.   Therefore, the total taxable costs should be four thousand, eight hundred and fifty-six ($4,856) dollars.

## III.   Conclusion

For the above reasons, the defendants' motion for attorneys' fees (Doc 78) is DENIED. The plaintiffs' motion for review of taxation of cost (Doc. 81) is GRANTED only to the exclusion of the witness fees paid to nine medical records custodians who did not actually testify, totaling $360.00, but the motion is otherwise DENIED.  The Clerk of Court is directed to amend the taxation of costs against plaintiffs to the amount of $4,856.87.


DONE and ORDERED this 13th day of March, 2006.



*/s/ Roger Vinson*

**ROGER VINSON
United States District Judge**